PETITION FOR WRIT OF HABEAS CORPUS: 28 USC-§2241 (Rev. 10/10)
ADOPTED BY THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS

Case 7:22-cv-00078-O    Document 11    Filed 10/07/22    Page 1 of 15    PageID 74

**FILED**

**October 7, 2022**

KAREN MITCHELL
CLERK, U.S. DISTRICT
COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

*AMENDED PETITION FOR WRIT OF HABEAS CORPUS*
*PURSUANT TO 28 U.S.C. §2241(c)(3).*

PETITION FOR WRIT OF HABEAS CORPUS
UNDER 28 U.S.C. § 2241(c)(3).

*TROY EUGENE WIGLEY*
PETITIONER
(Full name of Petitioner)

vs.

*BOBBY LUMPKIN - DIRECTOR OF TDCJ-CID,*
*AND JAMES SMITH - Senior Warden - James V.*
*Allred Unit - TDCJ, And the Director's Review*
*Committee - TDCJ-CID, et al.*
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

*James V. Allred Unit - TDCJ - CID*
CURRENT PLACE OF CONFINEMENT

*#0437586*
PRISONER ID NUMBER

*4:22-CV-00648-O*
CASE NUMBER
(Supplied by the District Court Clerk)

---

INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten, and signed and dated by the Petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except that ONE separate additional page is permitted in answering question 10.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show

1

that you cannot prepay the fees and costs, <u>and</u> (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.    Only one sentence, conviction, disciplinary proceeding, or parole matter may be challenged in a single petition. If you challenge more than one, you must do so by separate petition(s).

6.    Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices.

7.    It is your responsibility to immediately notify the court in writing of any change of address. Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**PLEASE COMPLETE THE FOLLOWING:** (check the appropriate number)
This petition concerns:

1. ___ ___    pretrial detention;
2. ___ ___    a conviction;
3. ___ ___    a sentence;
4. ___  X    jail or prison conditions;
5. ___ ___    a prison disciplinary proceeding;
6. ___ ___    parole or mandatory supervision;
7. ___ ___    time credits;
8. X  X    other (specify): *unLAWFul Shelter, and unreasonable Safety Environments, ect.,*

**Have you pursued to completion all relevant state and/or prison administrative remedies relevant to your complaint(s) before filing this petition.    Yes    No    If yes, what was the date of the result and the result of any such proceeding. If no, explain why you have not pursued all such remedies.** *I am presenting my current obtained step one & step two grievances relating to the first-two matters material to the issues concerning grounds one or two. The step one & step two grievances time limitations have lapse for the Texas Prison to answer to my step two grievance appeals I'm waiting patiently for those step one & step two grievance be returned to me so I can forward them to the court.*

2

1.  Place of detention: *TROY EUGENE WIGLEY is in custody of the "TDCJ" - James V. Allred Unit, 2101 FM 369 North, Iowa Park, Texas 76367.*

2.  State the offense with which you have been charged and whether you have been convicted of the charged offense(s) or whether you are still awaiting trial: *I'm still awaiting Response by the 5th Cir. if I may challenge the lawfulness of the state tr. ct. judicial proceedings underlying the imposition of the Sentence in my criminal case in federal ct.*

3.  Name and location of court in which your case is pending or in which you were convicted: *147TH Judicial District court - Travis county, Texas - Austin.*

    _____

4.  The criminal docket or case number and the offense(s) for which you have been charged or convicted: *Agg. Robbery in Tr. ct. No. 86-084,402 or (84,402) in the 147TH Judicial Dist. ct. Travis County, TX, and, convicted unlawfully on November 20th A.D., 1986, Sentence to 20 yrs. to life.*

5.  If you have been convicted of the charged offense(s), the date upon which sentence was imposed and the length of the sentence: *I was convicted of Agg. Robbery in Travis County, TX on November 20th, A.D., 1986 doing election year in the 147TH Judicial District Ct. - Austin, TX.*

6.  Check whether a finding of guilty was made:

    a.   after a plea of guilty              _   _

    b.   after a plea of not guilty          ⨉   ⨉

    c.   after a plea of nolo contendere     _   _

7.  If you were found guilty, check whether that finding was made by:

    a.   a jury                              ⨉   ⨉

    b.   a judge without a jury              _   _

8.  Did you appeal from the judgment of conviction or the imposition of sentence?

    Yes                No

3

9.    If you did appeal, give the following information for each appeal:

     a. (1) Name of court and docket or case number:

         *3rd District of Texas Ct. App. cause App. NO. 3-86-307-CR*

      (2) Result and date of result: *Ct. App. affirmed the decision of the tr. ct.*

      (3) Grounds raised (list each):

         (a) *My appeal counsel was Ineffective assistance based on the failure to adequately and thoroughly Investigate & failure to consult with me*

         (b) *on First appeal. I'm not sure what James R. Young had — Fraudulently Represented in my direct Appeal) It's been*

         (c) *— Over 36 yrs since the appeal in 1986 & 1987.*

         (d)

     b. (1) Name of court and docket or case number:

      (2) Result and date of result:

      (3) Grounds raised (list each):

         (a)

         (b)

         (c)

(d)_____

_____

10.    State concisely every ground on which you claim that you are held unlawfully.  Summarize
briefly the facts supporting each ground.  If necessary, attach a single page only behind page 6.

CAUTION:  If you fail to set forth all grounds in this petition, you may be
barred from presenting additional grounds at a later date.  You must state facts, not
conclusions, in support of your grounds. Do not argue or cite law.  Just state the
specific <u>facts</u> that support your <u>claim</u>.  Legal arguments and citation to cases or law
should be presented in a separate memorandum.

a. **GROUND ONE**:
Deliberate Indifference to my Serious medical Needs violative of the Eighth Amendment, U.S.
const, because it constitutes the unnecessary and wanton, vicious, malicious, and sadistic
infliction of a psychological Injury an injury in fact stemming from the denial of drug treatment
for mental illness.
Supporting facts: See Petitioner Troy E. Wigley's Original Petition for Writ of habeas
corpus under 28 U.S.C. §2241(c)(3) in this case on file in the Summary Record of
this case.

_____

_____

_____

_____

b. **GROUND TWO**:
False Imprisonment of unnecessary placement in Segregation and at the same time Respondents
failure to provide me of a basic human need, lawful shelter, in a normal general population environment
violative of a federal ct. order to abate the heat restriction score, cold Bed housing regulation
because it violates the ADA. 42:12101-12131.
Supporting facts: See Petitioner Troy E. Wigley's Original Petition for Writ of habeas
corpus under 28 U.S.C. §2241(c)(3) in this case on file in the Summary Record of
this case.

_____

5

_____

_____

_____

c. **GROUND THREE:** Deliberate Indifference to my reasonable safety that is sure or very likely to cause serious illness and needless suffering the next week, or month or year resulting from exposure to communicable disease such as COVID-19 from

Supporting facts: Bobby Lumpkin - Director of Tdc.J, 109 W. 14TH ST, SUITE 500 Price Daniels Bldg, Austin, Tx 78701, and a final policymaker is currently subjecting me to a deliberate indifference to a substantial risk of causing or attempting to cause serious illness and needless suffering today, or the next week, or month or year resulting from exposure to communicable disease such a COVID-19 disease from cellmates even though I show no serious current symptoms while unlawfully sheltering me in ECB/ High Security building under a regulation requiring cold bed housing that violate the ADA. see Attach Additional pages →

d. **GROUND FOUR:** Deliberate Indifference to my reasonable safety that is sure or very like to cause or is causing serious illness and needless suffering today, the next week, or month, or year resulting from exposure to direct, constant

Supporting facts: The Director of Tdc.J - BOBBY LumpKin and Senior Warden James Smith of James V. Allred unit, are sued in their official and individual capacities, while acting under color of the laws of the state, while acting for the benefit of, at the direction of, or in association with their Employment, and while acting in the course and scope of their Employment, are deliberately, Knowingly, and wantonly with malice subjecting me to substantial side effects due to a longstanding - building light fixture Regulation, or even short time exposure. see Attach Additional pages →

6

11. Relief sought in this petition: _WHEREFORE, Petitioner Troy E. Wigley prays for the Relief under the 28 U.S.C. §2241(C)(3) because he Is In Custody under a Prison Regulation of a Cold Bed housing placement In a high Security / or ECB building In violation of the laws or See Attach Additional pages →_

12. Have you filed a previous application or petition for habeas corpus or any other application, petition or motion with respect to the grounds raised in this petition?

(Yes)    No

13. If your answer to Question No. 12 is yes, give the following information as to each previous application, petition, or motion:

a. (1) Name of court and docket or case number: _U.S. District Court - Wichita Falls Division, Northern District of Texas; 4:22-CV-00648-O_

(2) Result and date of result: _still pending_

(3) Grounds raised (list each):

(a) _The same —_

(b) _____

(c) _____

(d) _____

b. (1) Name of court and docket or case number: _U.S. District Court - Wichita Falls Division, Northern District of Texas; 7-20-CV-070-O_

(2) Result and date of result: _still pending_

(3) Grounds raised (list each):

(a) _The same — As hereinabove._

7

(b) _____

_____

(c) _____

_____

(d) _____

_____

14.    If applicable, state whether you have filed a motion under 28 U.S.C. § 2255, and if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention.

*This petition for writ of habeas corpus under 28 u.s.c. §2241(c)(3) by Petitioner Troy E. Wigley is challenging a invalid custody which is an unlawful "TDCJ" prison regulation, of his physical imprisonment actually being imposed upon me at the time of the filing of this petition by Respondents both Director - Bobby Lumpkin and James Smith - Senior Warden - TDCJ - James Allred Unit and system prison wide, with final Policymaking authority with Responsibility for continued imposition of this specific endangerous Condition, are conscientiously aware of it, have deliberately, knowingly and wantonly failed or refused to remove it or modify it unlawfulness, and, at the same time fails to provide me basic human needs.*

15.    Are you presently represented by counsel?    Yes    (No)
If so, name, address and telephone number of attorney:_____

_____

16.    If you are seeking leave to proceed *in forma pauperis*, have you completed an application setting forth required information?    (Yes)    No

*However, I'm not actually seeking leave to proceed in forma pauperis because I've already agreed to try an obtain assistance to make payment of the Five Dollar filing fee in this civil case.*

8

Wherefore, Petitioner prays that the Court grant him the relief to which he may be entitled.

_____

Signature of Attorney (if any)

_____

_____

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on _September 26th, 2022_____ (month, day, year).

Executed (signed) on _September 26th, 2022_____ (date).

_Mr. Troy E. Wigley_____
Signature of Petitioner (required)

Petitioner's <u>current</u> address:

_James V. Allred Unit - High Security/ECB_

_8101 FM 369 Northern_

_Iowa Park, Texas 76367_

_____

9

CONTINUED FROM NO. 10. C. GROUND THREE AND SUPPORTING FACTS?

disease cellmates.

SUPPORTING FACTS: Because the Eighth Amendment protects against future harm to Inmates is not a novel proposition. The federal laws and laws of the United States requires all States to furnish prisoners with the basic human needs, one of which is reasonable safety against sufficiently imminent dangers with Serious contagious diseases with other prisoners. It also requires a federal court to assess whether today's society considers the risk that continues and that I am complaining of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. Even in a normal general population this unreasonable safety exists. In other words, the serious communicable disease COVID-19 the risk of exposure of which I complain is not one that today's society, and today's federal laws and the United States constitution and Amendments therein and today's society chooses to tolerate.

Therefore, Defendant Lumpkin-Director of TDCJ and the Director's Review committee is then and there deliberately, knowingly, and wantonly with intentions to cause a substantial risk of causing or attempting to cause unnecessary and wanton arbitrary infliction of serious pain or death by him or her, that this cannot comport with human dignity when it is nothing more than a pro-Texas prison officials genocide of an prisoner human population, as systematic and planned extermination to reduce the largest prison population in the United States of America. When it is nothing more than the pointless wanton infliction of physical suffering today, next week, or month, or a year from now, because the communicable disease covid-19 impact of this risky condition of physical, imprisonment I complain threatens the very existence of human life, physical, mental, and emotional health and my over all well-being of the petitioner Wigley, Troy #0437586.

These prison officials acted in bad faith when they denied to remove or modify the regulation's to reduce exposing serious contagious diseases with other prisoners. Because of overcrowding in EcB/or High Security in the Texas prisons there's nowhere to put those prisoners with the communicable disease such as COVID-19 disease or virus. This shows and indicates the prison officials malice to wantonly inflict injury or death on the prisoners in widespread, motivated out of official animus or an evil prejudice that prompted them to continue using the misguided and unlawful housing bedding regulations, with a sense of purpose in wantonly inflicting injury

(6-A) Next Page →

or death on the unwillingly individuals and myself exposure to such risk, hazard, and endangerment to human life. Evenmore, the deliberate, knowing, and intentional refusal to remove or modify it's risk shows the Director's and the Director's Review Committee and Senior Warden James Smith acting in bad faith and intention on continuing enforcing this unlawful housing bedding regulation to unnecessarily and wantonly, viciously, maliciously, and sadisticly inflict physical pain or death so real and not imaginary it endangers my rights to life, liberty and equal protections of the laws enjoyed by a free-society. Which is their end or object intended, aim, goal, intent, purpose. Thus, these prison officials are acting outside the scope of their decision-making authority when denying to grant me the grievance Relief Requested in my step one & step two grievances.

Thus, it is illegal under the U.S. Constitution and Amendments, or laws, or treaties of the United States - for the Respondents herein, to continue physically to imprison the petitioner Troy E. Wigley in any manner because this is a problem which are real and present or imminent, not squandered on problems which are abstract or hypathetical or remote. This is a real controversy between the petitioner and the Respondents and this federal court hold power under §2241(c)(3)-28 U.S.C. and the Constitution of the united States to act because the judicial machinery is conserved for problems such is this, in this case.

CONTINUED FROM Page 6. D. Ground Four:
high energy Fluorescent lamp lights with my eye vision, and that are used in factories, Shopping Malls, installed on the upper interior surface, e.g., ceiling.

CONTINUED FROM SUPPORTING FACTS:

high energy Fluorescence lamp lighting that's causing me and is the direct and approximately the cause of my impaired eye sight or vision, and the cause and causing continuous chronic or sustained eye pain and redness, headaches, sustained increased and increases in eye pressures, and related to leading to heart attacks, or strokes, diversion from focus attention span, and lack of sleep and characterized by hyperactivity and short attention span, diversion from focusing attention on a object or idea, e.g., reading, writing, sleeping, when I am asleep the high energy Fluorescent lamps lights come on doing count time, causing me a physical jerking and twitching of my body, while I was asleep, and wakes me up from sleep, when I was asleep. This is the direct and approximate reason from starting on October 29th, 2020 to this present current time, date, and continuing without interruption nor any attempts to modify it and doing my placement in High Security - Ad. Seg, I've been experiencing constant, headaches,

(6-B) Next Page →

Possible cataract, vitreous (gel-like substance) detachment, vitreous floaters, moving black spots in the field of vision, and increased pressure in the eyes, eye pain, in both eyes and redness, light sensitivity, and blurred vision - the lighting levels from the Fluorescence lamp lights in the lighting fixtures used to provide cell lighting from the Fluorescent lamp lights creates a substantial side effects that causes a safety lighting hazard or risk if the Fluorescence lamp lights have direct-instant contact with a person's arraign or level of vision for a longstanding periods of time, such as, when the high energy Fluorescent lamp lights come on for 2½-2-3 hrs doing count ~~that~~ time periods, that significantly produces a physical pain I'm experiencing at this present time-date this civil rights petition for writ of habeas corpus §2241(c)(3) is placed in the mail system and continuing. This is the direct and approximate reason so many prisoners cover-up their cell lighting fixtures due to the extremely bright high energy Fluorescence lamp lights causing sustained eye pain and redness, headaches, blurred vision, and, there is a potential but rare substantial risk of serious and sometimes fatal side effects due to longstanding or even short time exposures, such as, chronic or sustained eye pain and redness, headaches, sustained increases in eye pressures, and related to leading to heart attacks, or strokes, diversion from focusing attention span, and lack of sleep, or characterized by hyperactivity and short attention span, etc. This is the direct and approximate reason prisoners cover their cell light fixtures and block-out the extremely bright high energy Fluorescent lamp lights and receives write-ups for having their lighting fixtures covered up. I regularly take Non-Aspirin pills daily for eye pain and headaches so bad all the time when the lights in the narrow cell comes on or when we my cellmate uses the cell Fluorescence lamp lights. I can feel intense sustained eye pain and redness and headaches coming on, and blurred vision or blurred eye vision, now that I'm housed in these types of small narrow-cells. Because I am unjustifiably place in ECB/High Security-Ad. Seg. building I am constantly directly exposed on a daily time periods to the extremely bright high energy Fluorescent lamp lights because I am lock-in the small narrow cell most of the hours each day and no where to escape, no way of avoiding the extremely bright Fluorescent lamp lights exposures risk it's causing my eye vision impairment and it's getting worse everyday. Therefore, I had filled out a step one grievance complaining of this risk and it's substantial side effects causing, I respectfully suggested the Director Bobby Lumpkin and the Director's Review committee be informed of this potentially serious risk and to modify the light fixtures installing by installing the lights fixtures on the incell ceiling, e.g., the upper interior surface of our narrow, confining cell rooms. So that the brightness and high energy Fluorescence lamp lights don't have direct instant contact with my level of eye vision which it currently still does at this same

(6-c) Next Page ⟹

time, which is significantly producing a physical injury as I've described hereinabove.
And, also I had requested that if the prison officials can't change the extremely bright—f high energy Fluorescence lamp lights fixture installments by installing the Fluorescent lamp lights fixture on the incell ceiling interior surface, esp, as set by regulations when and would I be permitted placement in a sheltered cell that's small enclosed room isn't causing or producing a direct-instant constant exposure with my eyes sight or vision as the Fluorescence lamp lighting in these current prison units causes or is causing, and producing a serious safety lighting hazard, risk, or endangerment. The Asst. Warden T. Hooper, and he answered my step one grievance and said something other than what's more to be typical responses—No action is warranted, dated Sept. 21, 2022 in step one prisoner grievance #2023004070.

James Allred Unit-Administrators—Prison officials acted in bad faith when they denied to acknowledge my requested grievance remedy—to modify the regulation's lighting fixture installation constructions to fixing the problem the current prisoner's my cell high energy Fluorescent lamp lights are causing eye impairment to our prisoners vision caused by a direct-constant contact on the individuals and my eyes subjecting me, others more likely older fellow prisoners 40-85 olders, incurring risk of permanent eye impairment or even loss of vision, because the in-cell light fixture frame is installed inside the metal wall frame above the sink and toilet also connected to the metal wall frame which indicates malice when the prison officials desired the bright high energy Fluorescent lights to wantonly inflict injury on the individual's eye vision, motivated out of officials animus or prejudice that prompted them to continue using the misguided and ill-adopted regulations lighting fixtures design into the metal wall frame in these types of prison units, with a sense of purpose in wantonly inflicting injury on the unwilling prisoner's exposure to such risk, or hazard, endangerment, to, individual's eye vision. Even more, the refusal to remove or modify it or even failure to acknowledge it should, perhaps should be modified shows the prison officials acted in bad faith and intention on continuing to unnecessarily and wantonly inflict a physical pain so real and not imaginary it endangers my physical health and overall well-being, esp, eye sight or vision, which is the end or object intended, aim, goal, intent, purpose. Thus, the prison officials acted outside the scope of their decision-making authority when denying to grant me the grievance action Requested in my step one grievance & step two grievance #2023004070.

When I was first put in Ad. Seg. on Coffield Unit—I didn't experience vision eye impairment from 1987-1990. when I was placed in cells similar to the one I am currently confined at James Allred unit, when I was addressed at Alfred Hughes unit-Ad. Seg. from 1980-2003 I began and started experiencing eye vision impairment of blurred

(6-D) Next Page →

vision, headaches, light sensitivity, vitreous floaters, moving black spots in the field of vision, and increased pressure in the eyes, eye pain in both eyes and develped redness. because I was constantly exposed to direct-instant bright high energy Fluorescence lamp lights similiar to this James Allred unit - ECB/High Security building structure cell lights because I was locked-in the cell mostly all the time or most hours day and night and no way of avoiding the endangering side effects, the exposures risk was causing to my eye vision. I received my first pair of eye glasses while I was in Ad.Seg. at a very early age, on Hughes unit, do to my eye impairment of not being abled to see far away. My dad wore eyeglasses so I thought well I had got bad eye vision because he had poor eye vision and wore eyeglasses or I just got bad vision by age. But, when I was released from Ad.Seg, I still couldn't see very well far away but my eye vision didn't get worse, the headaches went away, the redness in my eyes cleared, and I didn't have moving spots in my field of vision. I even didn't need a new pair of eyeglasses. But, when I was forced in ECB/High security - Ad.Seg. housing do to a regulation cool bed housing due to having a heat score at this unit- James V. Allred unit - located in Iowa Park, Texas and since I've been housed back to this unit on Oct. 29th, 2020 back from Montford unit, I've been experiencing constant, persisting, headaches, possible cataract, vitreous (gel-like substance) detachment, vitreous floaters, moving black spots in the field of vision, and increased pressure in the eyes, eye pain in both eye again and redness, light sensitivity when the bright high energy Fluorescence lamp lights come on in the small narrow enclosed cell my eyes sting-burning feeling, and increased blurred eye vision, and constant direct-instant exposure to the brigh Fluorescent lamp lights with my eye vision, level of vision. I was diagnosed by a prison optomitrist Dr. whom prescribed me bifocals, having one section eyeglasses lens that corrects for distant vision and another that corrects for near vision.

So now starting this new year 2022 I'm now required to wearing eyeglasses with bifocals lenses. My dad wore eyeglasses but not bifocals and my mom neve wore eyeglasses perfect vision all her life. I do believe that my placement in High Security/ECB Ad.Seg. has exposed me again to the lighting levels bright high energy Fluorescence lamp lights inside the lighting fixture frame that installed in the metal wall frame above the sink and toilet, is the direct and approximate reasons of my increased current substantial and potentially permanent eye impairment and substantial loss of eye vision and I've stain sustained for the past two years in Ad.Seg.- James V. Allred unit - High Security/ ECB.

(6-E) Next Page ⟶

CONTINUED FROM Page No. 11 ,(7) Relief:

constitution or treaties of the United States, the Relief of Release that may be granted under 28 U.S.C. § 2241 (c)(3), where as here in this case, Petitioner Trey Wigley will prove that it is unlawful under the Constitution or laws or treaties of the United States for the Respondents prison officials to continue physically to imprison me in any manner, because they cannot provide me the basic human needs, e.g., lawful shelter, adequate and reasonable safe prison enviornment to maintain my physical health or life, and overall well-being ; physically, mentally, and emotion-ally.

date : Sept. 26th ,2022.

(6-F) End